881 So.2d 847 (2003)
Rece VAUGHN, Appellant,
v.
Richard AMBROSINO and Ellen Ambrosino, Appellees.
No. 2002-CA-00927-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Rehearing Denied February 10, 2004.
*848 James L. Powell, Richard A. Courtney, Jackson, and Matthew Ivan Hetzel, attorneys for appellant.
Stephen L. Thomas, Margaret Oertling Cupples, Jackson, and James William Manuel, attorneys for appellee.
Before McMILLIN, C.J., LEE and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Rece Vaughn appeals the decision of the Madison County Circuit Court asserting as error the following issues:
1. DID THE TRIAL COURT ERR IN CREATING AND GIVING JURY INSTRUCTION 16; AND
2. DID THE TRIAL COURT ERR IN REFUSING TO GRANT PLAINTIFF'S JURY INSTRUCTION 15?

STATEMENT OF FACTS
¶ 2. Vaughn was a full-time housekeeper at the Ambrosinos' residence. As part of her employment, she lived in a furnished apartment above the garage. She was also paid $125 a week salary. The Ambrosinos were not required to have workers' compensation coverage because they did not employ the requisite number of employees.
¶ 3. On June 26, 1999, Vaughn was seriously injured when she fell from a ladder while cleaning the twelve foot high kitchen cabinets. She was using the ladder to reach the upper cabinets. She was standing midway up the ladder, when the Ambrosinos' dog ran under the ladder. Vaughn did not see the dog hit the ladder, she felt the dog impact the ladder. The ladder and Vaughn fell. Vaughn suffered a wound to her head and a crushed heel bone in her foot, which required surgery. There was conflicting testimony whether the Ambrosinos instructed Vaughn to clean the cabinets that day and whether or not they allowed her to block off any area of the house from the dog. Vaughn alleged that the Ambrosinos specifically instructed her to clean the cabinets that day, that they told her that she would just need to be careful when cleaning the cabinets, and that she was not to shut the dog out of any part of the house. The Ambrosinos alleged that they did not tell Vaughn to clean the cabinets on her own and that it was her prerogative to close off the dog.
¶ 4. Vaughn sued the Ambrosinos in the Circuit Court of Madison County on June 26, 2000, seeking almost $2 million. The *849 case was tried on February 4th through the 6th, 2002. A jury verdict in favor of the Ambrosinos was returned on February 6 and filed on record on February 20. Vaughn filed a motion for a new trial on March 1 and it was heard and denied on April 30. Vaughn perfected her appeal on May 28.

LEGAL ANALYSIS
1. THE TRIAL COURT ERRED IN CREATING AND GIVING JURY INSTRUCTION 16; AND
2. THE TRIAL COURT ERRED IN REFUSING TO GRANT PLAINTIFF'S JURY INSTRUCTION 15.
¶ 5. Since both issues deal with the denial of plaintiff's jury instruction 15 and the judge's creating and granting of jury instruction 16, we shall address the two issues as one. A jury instruction must contain a correct statement of the law and the instruction must be warranted by the evidence. Nolan v. Brantley, 767 So.2d 234, 239 (¶ 13) (Miss.Ct.App.2000). There is considerable discretion regarding the form and substance of jury instructions and we review the instructions as a whole Coho Resources, Inc. v. McCarthy, 829 So.2d 1, 22 (¶ 69) (Miss.2002).
¶ 6. Vaughn's Instruction Number 15 which was rejected stated:
If you find from a preponderance of the evidence in this case that
1. The defendants were in possession or control of the premises at 781 Mannsdale Road, Madison, Mississippi as the owners, and
2. the plaintiff was an invitee of the defendants, and
3. the defendants' own negligence caused the defendants' dog not to be restrained from plaintiff's work area on the premises, which was a dangerous condition on the premises, and
4. the plaintiff was injured by the defendants' dog causing the ladder to fall with the plaintiff, and
5. the defendants' negligence was a contributing proximate cause of the plaintiff's accident and injuries
then you shall find for the plaintiff.
However, if you believe that the plaintiff has failed to show any one of these elements by a preponderance of the evidence in this case, then your verdict shall be for the defendant.
The trial courts Instruction Number 16 which was given stated:
If you find from a preponderance of the evidence in this case that
1. the plaintiff was an invitee of the defendants and
2. the defendants owned the property or premises and
3. the defendants not restraining their dog while plaintiff was working created a dangerous condition which was not readily apparent upon the defendants' property and
4. the defendants failed to keep their property or premises in a reasonably safe condition or warn the plaintiff of a dangerous condition, not readily apparent, of which the defendant had knowledge and
5. the defendants' failure to keep their property or premises in a reasonably safe condition or warn the plaintiff of a dangerous condition, not readily apparent, was a proximate contributing cause of plaintiff's injuries.
then you shall find for the plaintiff and against the defendants.
However, if you believe that the plaintiff has failed to show any of these elements by a preponderance of the evidence in *850 this case, then your verdict shall be for the defendants.
¶ 7. We begin our analysis of the given instruction by noting that there is no question that Vaughn was an invitee on the Ambrosinos' premises. An invitee is one who goes upon the premises of another in answer to expressed or implied invitation of the owner or occupant for their mutual advantage. Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1003 (Miss.2001) (¶ 9). In Lumbley v. Ten Point Co., 556 So.2d 1026, 1030 (Miss.1989), the supreme court found that a hunting camp carekeeper and his wife, both of whom were provided lodging on the premises as part of their compensation, were considered invitees. Vaughn's and the Ambrosinos' situation is similar in that it provided both parties with advantages.
¶ 8. The landowner's duty to an invitee is to take care that the property is "reasonably safe" and to warn the invitee of "hidden dangers" that are not "plain and open." Little by Little v. Bell, 719 So.2d 757, 760 (¶ 16) (Miss.1998). There is no duty to warn of dangers that should be obvious to the invitee. Nolan, 767 So.2d at 240(¶ 15). Based on this, we hold that the given instruction accurately conveys the law.
¶ 9. The question now comes down to whether, by not restraining the dog, the Ambrosinos created a danger to Vaughn, their invitee, which was not readily apparent. Since Vaughn lived at the residence, and had worked there for some time, the dog's size and nature were familiar to her. There was even evidence that the dog had almost knocked over the ladder the night before. Therefore, the possibility of the dog knocking over the ladder was readily apparent to her on the day of the accident. This is made evident by the fact that Vaughn claims to have told Mr. Ambrosino of the first near-accident.
¶ 10. Further, evidence was presented that the use of the ladder was entirely up to Vaughn. The Ambrosinos provided Vaughn with "extension handles" she could use to reach the cabinets while standing on the floor. It was not necessary for her to use a ladder at all. Therefore, even if failing to restrain the dog created a dangerous condition, Vaughn is at least partly at fault for using the ladder when a safer alternative was available.
¶ 11. We find this situation to be analogous to that in Nolan. There, Nolan agreed to cut the grass on his mother's property. While using a riding lawn mower, Nolan slid into a ditch or washed-out area that he knew existed and was injured. Id. at 237. We ruled that Mr. Nolan knew of the dangerous condition and chose to proceed anyway. Id. at 241. In the instant case, Vaughn, based on her experience the prior night, knew that the dog could possibly bump into the ladder and cause it to tip over. Vaughn had a safer option, the extension handles, but chose to use the ladder instead. We will not hold the Ambrosinos liable for Vaughn's choice.
¶ 12. We find that the trial court's jury instruction accurately reflects the law, and that it was warranted given the evidence presented. Therefore, we affirm the verdict from the trial court.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., AND SOUTHWICK, P.J., THOMAS, LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES AND IRVING, JJ.
*851 KING, P.J., Dissenting.
¶ 14. With appropriate respect for the majority, I believe that the trial court should have granted instruction 15 rather than 16.
¶ 15. As given instruction 16 reads:
If you find from a preponderance of the evidence in this case that
1. the plaintiff was an invitee of the defendants and
2. the defendants owned the property or premises and
3. the defendants not restraining their dog while the plaintiff was working created a dangerous condition which was not readily apparent upon the defendants' property and
4. the defendants failed to keep their property or premises in a reasonably safe condition or warn the plaintiff of a dangerous condition, not readily apparent, of which the defendants had knowledge and
5. the defendants' failure to keep their property or premises in a reasonably safe condition or warn plaintiff of a dangerous condition, not readily apparent, was a proximate contributing cause of plaintiff's injuries, then you shall find for the plaintiff and against the defendants.
However, if you believe that the plaintiff has failed to show any of these elements by a preponderance of the evidence in this case, then your verdict shall be for the defendants.
¶ 16. It is the use of the phrase "not readily apparent" which causes me concern about instruction 16, and leads me to believe it to be inconsistent with the evidence. Mrs. Vaughn testified that notwithstanding her request, the Ambrosinos refused to allow her to restrain or confine the dog.
¶ 17. Likewise, notwithstanding this refusal, Mrs. Vaughn was expected to perform duties. It is the supposed refusal of the Ambrosinos to allow confinement of the dog, while requiring that she perform her duties as housekeeper, which created the dangerous situation and lead to Mrs. Vaughn's injury.
¶ 18. Instruction 16 would not allow the jury to consider the refusal of the Ambrosinos to allow confinement of the dog. Instead, it placed the responsibility solely on Mrs. Vaughn, by inclusion of the phrase "not readily apparent."
¶ 19. That I believe to be inconsistent with the evidence. For that reason, I dissent.
BRIDGES AND IRVING, JJ., JOIN THIS OPINION.